**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

JACOB ANDREW MORROW,                    :     Case No. 3:23-cv-21
                                        :
    Plaintiff,                          :     District Judge Michael J. Newman
                                        :     Magistrate Judge Peter B. Silvain, Jr.
vs.                                     :
                                        :
TRI COUNTY JAIL, *et al*.,              :
                                        :
    Defendants.                         :
                                        :

---

**REPORT AND RECOMMENDATION**

---

    Plaintiff, a prisoner who is currently incarcerated at the Correctional Reception Center in

Orient, Ohio, brings this *pro se* civil rights action, which the Court construes as filed pursuant to

42 U.S.C. § 1983,[1] against defendants Tri County Jail and Admin. Springhetti. Plaintiff alleges

that his constitutional rights were violated while he was incarcerated as a pretrial detainee at the

Tri County Jail, in Mechanicsburg, Ohio.[2] Plaintiff has paid the filing fee. (*See* Doc. 6).[3]

    This matter is before the Court for a s*ua sponte* review of the complaint to determine

whether the complaint or any portion of it should be dismissed because it is frivolous, malicious,

---

[1]*See Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (noting that "the district court properly construed the complaint as filed under 42 U.S.C. § 1983 as this circuit does not recognize direct constitutional claims against local officials and municipalities"). *See also Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).

[2]Plaintiff filed this action in January 2023. According to the online records of the Champaign County Court of Common Pleas, plaintiff was convicted of obstructing official business in Case No. 2022-cr-149 on February 13, 2023. (Viewed at: https://eservices.champaignclerk.com/eservices/searchresults.page?x=sTQqNXuSPVQMcC4KdXOwmouaZ8svoG MoxC4qpeP0E1c4auK9EhGQB2670Z9u720J*zwhhkAa*kFiY-MRlDXs1Q). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[3]Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (Doc. 1), which the Court should deny as moot as plaintiff has paid the $402 filing fee required to commence this action.

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).[4] This matter is also before the Court on plaintiff's motion to appoint counsel (Doc. 9) and defendants' motion to strike the motion to appoint counsel (Doc. 11).

The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit Court decisions).

I.      **Screening of Complaint**

      A.      **Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a

---

[4]Although defendants, through counsel, have filed an answer in this case, the Court must still "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a).

violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action

has no arguable factual basis when the allegations are delusional or rise to the level of the

irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898

F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or

delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th

Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of prisoner complaints that fail to

state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed

by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

(quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a

claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

3

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

In his complaint, plaintiff alleges, verbatim:

> Public defender paper was taken had to represent myself. Tray refused went without meal. Denied numbers to post bond. C.O. tried to get me to fight them. Video erased[.] Motion fi[l]ed for footage[.] [I]t was denied. Booking at Tri County Jail between 6-30-22 and 7-6-22.

(Doc. 7, at PageID 32).

For relief, plaintiff seeks money damages. (*Id.*, at PageID 33).

### C. Analysis

Based on the above, albeit conclusory, allegations, the Court understands plaintiff to bring claims for denial of counsel and bond, denial of a prison meal, failure-to-protect, and failure to maintain video footage. For the following reasons, the undersigned recommends that the Court dismiss this action under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, and grant plaintiff leave to file an amended complaint within twenty-eight days of any Court order adopting this Report and Recommendation.

As an initial matter, a local jail or correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983); *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a "person" for § 1983 purposes); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D. N.C.1989) (same); *Mitchell v. Chester*

4

*County Farm Prisons,* 426 F. Supp. 271, 274 (E.D. Penn. 1976) (same). *See also Dauban v.*

*Marquette County Jail,* No. 2:06–cv–65, 2006 WL 2700747, at \*3 (W.D. Mich. Sept. 18, 2006)

(and cases cited therein). Accordingly, the complaint should be dismissed against defendant Tri

County Jail.

Next, to the extent that plaintiff alleges that he was denied access to counsel in his

underlying criminal case, his claim is not cognizable under § 1983. *See Shelby v. Tennessee*, No.

217CV02605, 2019 WL 1519312, at \*3 n.1 (W.D. Tenn. Apr. 8, 2019) (citing *Edwards v.*

*Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)) ("[A] § 1983

suit is not the appropriate vehicle for a denial of counsel claim. A prisoner may not raise claims

in a civil rights action if a judgment on the merits of those claims would invalidate his conviction

or sentence, unless the conviction or sentence has been set aside."). *See also Adams v. Morris*,

90 F. App'x 856, 858 (6th Cir. 2004) (finding pretrial detainee's Sixth Amendment right-to-

counsel claim to be barred by *Heck*). Because a claim that plaintiff was denied access to counsel

in his criminal case, if found to have merit, would call into question the validity of his

conviction, the proper procedure for raising such a claim would be by a petition for habeas

corpus. *Cf. Porter v. Bodlovich*, No. 3:94CV0889, 1996 WL 535436, at \*11 (N.D. Ind. Sept. 17,

1996) (finding that pretrial detainee's claim that defendants impeded pretrial access to counsel

was barred by *Heck*). Accordingly, plaintiff's denial of access to counsel claim should be

dismissed without prejudice to refiling in a habeas corpus petition following the required

exhaustion of state court remedies. *See Fleming v. Foley*, No. 1:20-CV-916, 2021 WL 117906,

at \*3 n.4 (S.D. Ohio Jan. 13, 2021) ("If plaintiff is convicted in state court and believes that his

federal constitutional rights were violated, he may file an application for a writ of habeas corpus

in this Court pursuant to 28 U.S.C. § 2254 after exhausting state remedies."), *report and recommendation adopted*, 2022 WL 17591834 (S.D. Ohio Dec. 12, 2022).

Next, to the extent that plaintiff asserts that he was denied bond, such a claim is also not cognizable under § 1983. *Cf. Sauers v. Montgomery Cty. Jail*, No. 3:22-CV-00702, 2022 WL 16825169, at *3 (M.D. Tenn. Nov. 8, 2022) (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) (citations omitted) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus.")). However, "though a habeas corpus petition can be an appropriate means to remedy [a denial of bond], once the defendant is convicted in the state court, with respect to habeas relief, the issue becomes moot." *Wei v. Mackie*, No. 1:15-CV-259, 2018 WL 6729655, at *16 (W.D. Mich. Oct. 9, 2018), *report and recommendation adopted*, No. 1:15-CV-259, 2018 WL 6257616 (W.D. Mich. Nov. 30, 2018) (citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004) ("He first argues that the prosecutor violated his Fifth, Eighth, and Fourteenth Amendment rights by fabricating evidence so that the Magistrate would deny his pretrial release on bond. [The defendant's] conviction, however, renders his constitutional claims to pretrial bail moot."). Accordingly, plaintiff's denial of bond claim, to the extent it remains justiciable, should be dismissed without prejudice to refiling in a habeas corpus petition following the required exhaustion of state court remedies. *See Fleming*, 2021 WL 117906, at *3 n.4.

The remainder of plaintiff's claims, which appear to challenge the alleged conditions of his confinement between June 30, 2022 and July 6, 2022, while he was a pre-trial detainee at the Tri County Jail, are also subject to dismissal.

6

First, to the extent that plaintiff alleges, "[t]ray refused went without meal," such allegations are insufficient to state a constitutional violation. In the context of a Fourteenth Amendment[5] condition-of-confinement claim brought by a pretrial detainee:

> [T]he plaintiff must satisfy two requirements. First, the plaintiff "must show 'that [he or she] is incarcerated under conditions posing a substantial risk of serious harm.'" [*Bensfield v. Murray*, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022)] (citing *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994)); *see also Westmoreland v. Butler Cty.*, 29 F.4th 721, 728 (6th Cir. 2022). Second, the "plaintiff must show that [the Defendant] acted 'deliberately' and 'recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Brawner*, 14 F.4th at 596).

*Assi v. Hanshaw*, __ F. Supp.3d __, No. 1:20-CV-839, 2022 WL 4069194, at *14 (S.D. Ohio Sept. 2, 2022). Courts have found that the denial of a meal on a single occasion does not pose a substantial risk of serious harm under the Constitution. *See, e.g., Ogle v. Thompson,* No. 2:05cv289, 2006 WL 416246, at *3 (W.D. Mich. Feb.17, 2006) (ruling, in similar Eighth Amendment context, that the plaintiff's claim that he was "improperly denied his food tray" on a single occasion was subject to dismissal on screening because "the denial of a meal on one occasion does not rise to the level of an Eighth Amendment violation").

Additionally, any claims by plaintiff against defendants for failing to preserve video footage also fails. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v.*

---

[5]In *Assi v. Hanshaw*, __ F. Supp.3d __, No. 1:20-CV-839, 2022 WL 4069194, at *11 (S.D. Ohio Sept. 2, 2022), the Court noted:

> As the Sixth Circuit recently observed, "[p]ersons in the criminal justice system invoke different constitutional amendments in their 42 U.S.C. § 1983 suits depending on their status." *Hale v. Boyle Cty.,* 18 F.4th 845, 852 (6th Cir. 2021). For example, "[a]rrested persons bring § 1983 claims under the Fourth Amendment's protection from unreasonable search and seizure." *Id.* On the other hand, "[d]etained persons . . . do so under the Fourteenth Amendment's Due Process Clause." *Id.* Finally, "convicted persons [bring claims] under the Eighth Amendment's protection from cruel and unusual punishment." *Id.*

*Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011).  *Cf. Johnson v.*

*Warden*, No. 3:21CV1514, 2022 WL 344272, at *4 (D. Conn. Feb. 4, 2022) (dismissing

plaintiff's claims that prison officials failed to respond to grievances and requests to preserve

video footage).  To the extent that plaintiff is trying to allege a violation of his First Amendment

right of access to the courts, he has failed to do so.  Plaintiff has not alleged that any failure to

preserve video footage actually impeded him in an existing or contemplated non-frivolous legal

proceeding, *Lewis v. Casey,* 518 U.S. 343, 351–53 (1996), or that a spoliation instruction would

not provide him a remedy, *see, e.g., Jenkins v. Hutcheson*, No. 6:15-cv-50, 2015 WL 9480037, at

*4 n.3 (S.D. Ga. Dec. 29, 2015).

Finally, to the extent that plaintiff alleges that a "C.O. tried to get me to fight them,"

plaintiff's allegations are devoid of sufficient factual content.  "Merely positing a theory of legal

liability that is unsupported by specific factual allegations does not state a claim for relief[.]"

*Young v. Hodge*, No. 3:12-0009, 2012 WL 5494892, at *6 (M.D. Tenn. Nov. 13, 2012), *report*

*and recommendation adopted,* No. 3:12-CV-0009, 2013 WL 440964 (M.D. Tenn. Feb. 5, 2013)

(citing *Iqbal,* 556 U.S. at 678–79).  In any event, plaintiff has not alleged that any of the

defendants were involved in the alleged unconstitutional actions.  It is well-settled that the

doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto

supervisory personnel.  *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S.

658 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992).  Prison officials whose only

roles "involve their denial of administrative grievances and their failure to remedy the alleged

[unconstitutional] behavior'" cannot be liable under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295,

300 (6th Cir. 1999).  As such, this claim is subject to dismissal.

Accordingly, in sum, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b). However, it is further **RECOMMENDED** that plaintiff be granted leave to amend his complaint to rectify the identified deficiencies. In his amended complaint, plaintiff should name as a defendant any person he contends is actually and personally responsible for the alleged violation of his rights. *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury.").

## IT IS THEREFORE RECOMMENDED THAT:

1.  The Court **DISMISS** plaintiff's complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). To the extent plaintiff's claims are being dismissed pursuant to *Heck*, the dismissal should be without prejudice. *See Diehl v. Nelson,* 198 F.3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999) (citing *Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir.1996)).

2.  The Court **GRANT** plaintiff leave to file, within twenty-eight days of any Court Order adopting this Report and Recommendation, an amended complaint, naming the proper defendant(s) and otherwise rectifying the deficiencies set forth herein.

3.  The Court **DENY** plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) **as moot** as he has paid the $402 filing fee.

4.  The Court **DENY** plaintiff's motion for appointment of counsel (Doc. 9) **as moot**.[6]

5.  The Court **DENY** defendants' motion to strike (Doc. 11) **as moot**.

---

[6]Pursuant to Fed. R. Civ. P. 11, every pleading, written motion, and other paper shall be signed by the party if not represented by counsel. In this case, the motion for appointment of counsel is not signed by plaintiff. Instead, the motion is signed by Linda Duff, plaintiff's mother. (*See* Doc. 9). It does not appear that Ms. Duff is an attorney licensed to practice law in this Court. Nor has Ms. Duff been shown to have authority to act as a "next friend" of plaintiff. *See Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (setting forth requirements for a putative "next friend" and stating that the "putative next friend must clearly establish 'the propriety of his status' in order to 'justify the jurisdiction of the court.'") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990)). Ordinarily, the Court would return the motion to plaintiff to sign and return to the Court if he wished to proceed with the motion. However, to do so here would be futile as the Court is recommending that plaintiff's complaint be dismissed. Moreover, the appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case.

6.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

      **IT IS SO RECOMMENDED.**


March 31, 2023                                  *s/Peter B. Silvain, Jr.*
                                                PETER B. SILVAIN, JR.
                                                United States Magistrate Judge