UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JACOB ANDREW MORROW,

    Plaintiff,

vs.

TRI COUNTY JAIL, *et al.*,

    Defendants.

Case No. 3:23-cv-21

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (Doc. No. 15); (2) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. No. 19); (3) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (Doc. No. 7); (4) DENYING AS MOOT PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND TO APPOINT COUNSEL (Doc. Nos. 1, 9); (5) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE (Doc. No. 11); (6) DENYING PLAINTIFF'S MOTION TO REFUND HIS FILING FEE (Doc. No. 20); (7) DENYING A CERTIFICATE OF APPEALABILITY; (8) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL; AND (9) TERMINATING THIS CASE ON THE DOCKET**

---

This 42 U.S.C. § 1983 case—filed by Plaintiff, who is currently incarcerated in the Correctional Reception Center in Orient, Ohio[1] and is proceeding *pro se*[2]—is before the Court on the Report and Recommendation issued by United States Magistrate Judge Peter B. Silvain, Jr. (Doc. No. 15), to whom this case was referred pursuant to 28 U.S.C. § 636(b). Plaintiff originally moved for leave to proceed *in forma pauperis*, 28 U.S.C. § 1915, but did not complete the *in forma*

---

[1] Plaintiff sued the Tri-County Regional Jail and its jail administrator in Mechanicsburg, Ohio, where he was detained before he was convicted after a jury trial in the Champaign County, Ohio Court of Common Pleas. *See* Doc. No. 7 at PageID 28; Doc. No. 15 at PageID 52 n.2.

[2] As the Court does in all instances, Plaintiff's non-delusional factual allegations are accepted as true and his *pro se* complaint is liberally construed in favor. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

*pauperis* form. Doc. Nos. 1–2. This prompted Judge Silvain to issue a deficiency Order giving Plaintiff the option to either pay the filing fee or resubmit his completed *in forma pauperis* form. Doc. No. 2 at PageID 17. In response, Plaintiff paid the filing fee and filed his complaint. Doc. Nos. 6–7. Accordingly, Plaintiff's actions have rendered his motion for leave to proceed *in forma pauperis* moot. Doc. No. 1.

Upon review pursuant to 28 U.S.C. § 1915A(a), Judge Silvain recommended that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Doc. No. 15 at PageID 53, 59. Judge Silvain noted that, construing Plaintiff's *pro se* allegations in his favor, he brought "claims for denial of counsel and bond, denial of a prison meal, failure-to-protect, and failure to maintain video footage[,]" *id.* at PageID 54, but Plaintiff could not maintain these claims under § 1983 against Defendants. *Id.* at PageID 54–55 (collecting cases). Nor were his claims seeking relief for denial of counsel and bond in his underlying criminal case cognizable constitutional injuries sufficient to proceed under § 1983. *Id.* at PageID 55–56. Judge Silvain further concluded: (1) Plaintiff's claim for denial of a prison meal on a single occasion did not rise to the level of a constitutional violation, *id.* at PageID 57; (2) Plaintiff lacked a constitutional right to force prison officials to preserve video footage, *id.* at PageID 57–58; and (3) his allegation—that a correctional officer attempted to goad him into a fight—lacked sufficient factual content and ran afoul of § 1983's bar on *respondeat superior* liability. *Id.* at PageID 58. Plaintiff filed Objections to the Report and Recommendation, reiterating his claims that he is the victim of unconstitutional treatment during his underlying criminal proceedings and while incarcerated. Doc. No. 19 at PageID 67–68.

Upon careful *de novo* consideration of the foregoing, the Court determines that the Report and Recommendation should be adopted. Plaintiff's claims are barred for precisely the reasons

2

Judge Silvain stated in his Report and Recommendation. *See id.* at PageID 54–59. Plaintiff's Objections—raising the same constitutional claims—therefore lack merit. Doc. No. 19; *cf. Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (general objection to entirety of Magistrate Judge's Report and Recommendation has the same effect as if the party failed to object). Because this Order dismisses Plaintiff's complaint, it renders moot his motion to appoint counsel (Doc. No. 9), and Defendants' motion to strike (Doc. No. 11).

After Judge Silvain issued his Report and Recommendation, Plaintiff filed a motion for a refund of his filing fee. Doc. No. 20. This motion lacks merit. "The Judicial Conference [of the United States] has a longstanding policy prohibiting the refund of fees, with narrow exceptions, *e.g.*, when fees are collected without authority or as a result of administrative error on the part of the clerk's office." *Rashada v. Gonzales*, No. 1:07-CV-1055, 2007 WL 1795873, at *1 (N.D. Ohio June 20, 2007) (quoting *Report of the Proceedings of the Judicial Conference of the United States*, Judicial Conference of the United States 11 (2005)). Plaintiff does not allege, or identify circumstances showing, that the fees were collected without authority or because of an administrative error, and he "fully intended to litigate the merits of [his] Complaint." *Montoya v. Cap. One, N.A.*, No. 2:21-cv-11978, 2022 WL 957548, at *1 (E.D. Mich. Mar. 29, 2022) (alteration in original) (quoting *Rashada*, 2007 WL 1795873, at *1). Rather, it appears that he paid the filing fee after Judge Silvain informed him that he incorrectly filled out his *in forma pauperis* form. Doc. Nos. 6–7. This is not grounds for a refund because he "voluntarily chose to pay the full filing fee when he commenced this action," so he does not qualify for a refund. *Grindling v. Martone*, No. 12-00361, 2012 WL 4502954, at *1 (D. Haw. Sept. 28, 2012).

Accordingly, the Court: (1) **ADOPTS** the Report and Recommendation in full (Doc. No. 15); (2) **OVERRULES** Plaintiff's Objections (Doc. No. 19); (3) **DISMISSES** Plaintiff's

complaint **WITHOUT PREJUDICE** (Doc. No. 7); (4) **DENIES AS MOOT** Plaintiff's motions to proceed *in forma pauperis* and to appoint counsel (Doc. Nos. 1, 9); (5) **DENIES AS MOOT** Defendant's motion to strike (Doc. No. 11); (6) **DENIES** Plaintiff's motion to refund his filing fee (Doc. No. 20); (7) **DENIES** Plaintiff a certificate of appealability; (8) **CERTIFIES** that any appeal would be objectively frivolous and finds that Plaintiff should be denied *in forma pauperis* status on appeal; and (9) **TERMINATES** this case on the Court's docket.

    **IT IS SO ORDERED.**

  August 17, 2023                                                                    s/ Michael J. Newman  
                                                                                    Hon. Michael J. Newman  
                                                                                    United States District Judge